UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **CHASIDY BROWN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:24-cv-180-SNLJ |
| ) | |
| **PREFERRED FAMILY HEALTHCARE** ) | |
| **INCORPORATED,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM AND ORDER

Plaintiff Chasidy Brown brought this lawsuit against her former employer, defendant Preferred Family Healthcare Incorporated, alleging wrongful retaliation, discrimination, termination, and other claims. Defendant has moved to dismiss [Doc. 15]. The matter is fully briefed and ripe for disposition.

**I.    Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Plaintiff alleges she was employed by defendant from September 2020 until she was terminated on August 17, 2023. Plaintiff alleges that, while employed, she made "multiple complaints due to retaliation against her supervisor" [Doc. 18 ¶ 9]. She states she requested to be "stepped down to a part-time position" due to medical conditions including severe anxiety, which "affects her ability to sleep, work long and consistent hours, interact with new and multiple individuals, multitask," and other aspects

of her work life. [*Id.* ¶¶ 10-11.] Within an hour of making the request, plaintiff states she was "put under investigation." [*Id.* ¶ 12.]

Plaintiff also states she was harassed by her supervisor and subjected to inconsistent company policy changes, "which led to a hostile work environment and racial discrimination against her." [*Id.* ¶ 14.] Plaintiff does not articulate exactly how she experienced either a hostile work environment or racial discrimination. She does state that she "is aware of unqualified Caucasian employees receiving promotions while more qualified black employees are not even given notice of the opportunity to apply for the job." [*Id.* ¶ 25.] She also states her position was replaced with a non-disabled person.

Plaintiff also alleges that she "noticed" another employee "deleting documents…", covering "up a paper trail on the company's behalf of an assault matter," and "falsifying documents." [*Id.* ¶ 16.] Plaintiff says she was "often told by her supervisor/s not to properly document findings for the patients as she was advised 'less is better.'" [*Id.*]

Plaintiff's "Causes of Action" do not include numbered counts. However, she appears to make the following claims:

(1) Defendant discriminated against her when it failed to provide a reasonable accommodation in violation of the Americans with Disability Act Amendments Act, 42 U.S.C. § 12101 ("ADA"),

(2) Defendant discriminated against her when it denied her reasonable accommodation in violation of the ADA,

2

  (3) Defendant retaliated against her when it terminated her for her disability and after she reported her disability and reasonable accommodation request in violation of the ADA,

  (4) Defendant discriminated against plaintiff by treating her unfairly and differently compared to Caucasian counterparts in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and

  (5) Defendant discriminated against plaintiff by terminating her on the basis of her race and protect reporting in violation of Title VII.

Plaintiff seeks recovery for back pay, front pay, emotional distress, benefits, and other damages.

  Defendant moves to dismiss the complaint in its entirety.

**II.** **Motion to Dismiss**

  The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to

3

relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**III      Discussion**

Defendant's arguments will be discussed in turn below.

**A.  Exhaustion of Remedies.**

A plaintiff alleging violations of the ADA or Title VII must file a charge with the appropriate administrative agency and receive a right-to-sue letter before commencing a lawsuit in federal court. *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n.3 (8th Cir. 1996).

"A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994).  The EEOC charge "'need not specifically articulate the precise claim that a plaintiff will bring to court,' but the charge

4

must nevertheless 'be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim.'" *Fair v. Norris,* 480 F.3d 865, 867 n.2 (8th Cir. 2007) *(*quoting *Wallace v. DTG Operations, Inc.,* 442 F.3d 1112, 1123 (8th Cir. 2006)), *abrogated on other grounds by Torgerson v. City of Rochester,* 643 F.3d 1031 (8th Cir. 2011).

Plaintiff attaches her EEOC charge to her amended complaint, which states in relevant part, verbatim, as follows:

> **Date of most recent job action you think was discriminatory: <u>08/07/2023</u>**
> **Also describe briefly <u>each job action</u> you think was discriminatory and when it happened (estimate).**
>
> I was Retaliated against for to making a corporate compliance complaint due to the company always trying to falsify documentations on more than a few occasions and from a incident that occur while on shift. I explained everything to the supervisor of my medical diagnosis (disability) and morals of what was being done was unethical and I was laughed at and taken as a joke. I requested to step down from full-time to part-time, I was suspended that day via phone from the same supervisors. During my employment the employer supervisory staff had made racial statements and commentfs, to myself that several African Americans in the company witness. The supervisors created a very hostile work environment during my employment. I was made aware that I wrongfully suspended, the lead to termination of my employment. Please refer to all attachments and other information provided.

[Doc. 14-2 at 1.]

1. **ADA claim**

Defendant asserts that plaintiff did not exhaust her administrative remedies with respect to her ADA claim because she "did not allege anywhere in her Charge that she was terminated, retaliated against, or otherwise discriminated against because of her

5

alleged disability," nor did she alleged she requested accommodation for any disability. [Doc. 16 at 5.]  Defendant explains:

> In her explanation of the Charge, Plaintiff's only mention of the word "disability" was in reference to the fact that she apparently complained about alleged document falsification to her "supervisor of [her] medical diagnosis (disability)."

[Doc. 16 at 5.]  This Court disagrees that plaintiff did not include that she was discriminated against because of disability in her Charge.  Plaintiff states she "explained everything to the supervisor of [her] medical diagnosis (disability) … and [she] was laughed at and taken as a joke."  Then, she states she requested a "step down" to part time and was suspended the same day.  Plaintiff's request to "step down" to part time is logically tied to plaintiff's statement about her "disability," and that is adequate to identify a basis for such a claim in the Charge.  The request to move from full time to part-time work may be reasonably construed as an accommodation request, and she clearly states she was suspended after requesting part-time work.  Although the Charge is inartfully worded, her allegations about her disability, being laughed at, and being suspended after requesting reduced hours are enough to pass muster for the exhaustion requirement.

### 2. Title VII claim

Defendant also contends plaintiff failed to adequately exhaust her claims under Title VII because she does not allege she was suspended or terminated because of her race. Plaintiff states in her Charge that

6

> During my employment the employer supervisory staff had made racial stat[e]ments and comment[]s, to myself that several African Americans in the company witnessed.  The supervisors created a very hostile work environment during my employment.  I was made aware that I was wrongfully suspended, the [*sic*] lead to termination of my employment.

[Doc. 14-2 at 1.]  The purpose of the Charge is to put the employer on notice of the general subject matter of the Charge and the general basis for the employee's claims. *Norris,* 480 F.3d at 867 n. 2.  Here, again, with respect to the Title VII allegations, plaintiff was inartful in her Charge statements.  She does appear to tie her race to the defendant's creation of a hostile work environment, but she does not explicitly link any "racial statements" to her termination.  However, it is at least arguable that plaintiff's statements about racial comments and hostile work environment put her employer on notice that she intended to bring a claim for racial discrimination under Title VII related to her termination.  For example, immediately after her statement about a "very hostile work environment," plaintiff states she was "wrongfully suspended" and ultimately terminated.  Further, this Court is mindful that "[b]ecause persons filing charges with the EEOC typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of Title VII." *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988).  Plaintiff's race discrimination claim was sufficiently exhausted.

However, this Court agrees that the Charge did not put the defendant on notice that plaintiff intended to bring a Title VII claim for retaliatory discharge. To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that he or she

7

engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events. *Jackman v. Fifth Judicial District Dep't of Correctional Servs.,* 728 F.3d 800, 804 (8th Cir. 2013), *abrogated on other grounds by Cole v. Group Health Plan, Inc.,* 105 F.4th 1110, 1114 (8th Cir. 2024). "Protected activity" under Title VII includes (1) opposition to employment practices prohibited under Title VII, and (2) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII. *Rimson v. Amazon Logistics, Inc.,* 652 F. Supp. 3d 1048, 1061 (W.D. Mo. 2023) (citing *Comstock v. Consumers Mkts., Inc.,* 953 F. Supp. 1096, 1103 (W.D. Mo. 1996)). Here, the only arguable statement regarding retaliation in the Charge relates to her report about document falsification, which does not constitute a "protected activity" under Title VII. Thus, this Court will dismiss plaintiff's claim regarding retaliatory discharge under Title VII.

### B. Failure to state a claim for retaliation under Title VII

Defendant next moves to dismiss Title VII claims for failure to state a claim. Defendant argues that plaintiff has not sufficiently pleaded her claim for retaliation under Title VII. Specifically, plaintiff did not plead facts that would demonstrate she suffered adverse employment action as a result of conduct protected by Title VII, e.g., filing a charge, testifying, assisting, or participating in any practices prohibited by Title VII. *Rimson,* 652 F. Supp. 3d at 1061. Reporting alleged corporate malfeasance is not a protected activity under Title VII if it is not a complaint about malicious conduct with

8

respect to someone's protected class status, and filing a general corporate malfeasance complaint with one's superiors does not constitute any level of participation in a Title VII investigation or hearing. *See Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028-29 (8th Cir. 2002).  This Court agrees plaintiff has not stated a retaliation claim under Title VII, so that claim is also dismissed for the additional reason that—even if plaintiff had properly exhausted such claim—plaintiff has not stated a claim in her first amended complaint.

### C.  Federal Rule of Civil Procedure 10(b)

Finally, defendants argue that plaintiff's amended complaint should be dismissed because plaintiff failed to plead in accordance with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 10(b) provides as follows:

> (b) **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence-and each defense other than a denial-must be stated in a separate count or defense.

Rule l0(b) requires pleading separate counts for each distinctive statutory and constitutional claim. *City of Webster Groves, Mo. v. CCATT, LLC, et. al.,* 2020 WL 4192447, *4 (E.D. Mo. July 21, 2020) (*citing Iowa Health System v. Trinity Health Corp.,* 177 F. Supp. 2d 897,905 (N.D. Iowa 2001)). In *City of Webster Groves,* the plaintiff had combined claims for breach of contract and breach of the duty of good faith and fair dealing into a single count. *Id.* The elements of a breach of contract claim and a breach of duty of good faith and fair dealing claim contain different elements, and the

9

court held that because the claims contained different elements they should have been set forth in separate counts. *Id* at *4-5.  Defendant contends that plaintiff has likewise "united several different causes of action that contain different elements into a single count, and in doing so, the plaintiff has violated Fed. R. Civ. P. 10(b)." [Doc. 16 at 11.]

Plaintiff's amended complaint includes a section entitled "Causes of Action" with numbered paragraphs below setting out what appear to be five separate claims:  (1) failing to provide reasonable accommodation in violation of the ADA, (2) discrimination through failing to provide accommodation under the ADA, (3) retaliation for terminating plaintiff due to her disability and due to her making an accommodation request in violation of the ADA, (4)  discrimination through disparate treatment on account of race in violation of Title VII, and (5) discrimination by terminating her on the basis of race and protected reporting in violation of Title VII.  [Doc. 14 ¶¶ 32-36.]

This Court agrees that these claims are not paragons of clarity, but they do appear sufficient to permit defendant to answer the complaint.  Only Claim 5 appears to contain two properly separate claims, one for termination on the basis of race and the other for termination on the basis of protected reporting in violation of Title VII.  As discussed above, plaintiff's Title VII retaliation ("protected reporting") claim will be dismissed, leaving only the race-based termination claim under Title VII.  Thus, each of the five claims above may be considered counts.

### IV. Conclusion

Defendant's motion to dismiss will be granted in part.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. 15] is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that plaintiff's claims regarding Title VII retaliation are DISMISSED.

Dated this  27th  day of February, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE